UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-cv-612-R

CASEY WILLIAM HYLAND, et. al.,
PLAINTIFFS

v.

HOMESERVICES OF AMERICA, INC., et. al.,                                    DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Defendant RE/MAX International Inc.'s

(RE/MAX) Motion to Dismiss (Docket #82) the Plaintiffs' Amended Complaint.  The Plaintiffs

Casey W. Hyland, Graham Pullen and Christopher R. Burnette ("Plaintiffs") have responded to

the Defendants' motion (Docket #95), and the Defendant has replied to that response (Docket

#110).  This matter is now ripe for adjudication.  For the following reasons, the Defendant's

Motion to Dismiss (Docket #82) is **DENIED**.

## BACKGROUND

The Plaintiffs are purchasers and sellers of real estate in the Commonwealth of Kentucky

sometime between January 1, 1991 through the present, and as such, the Plaintiffs seek to

represent a class of persons and/or entities who purchased and/or sold real estate during this class

period.  The Purchaser-Plaintiffs allege that they each indirectly paid a 6% commission to their

respective brokers.  Both parties concur that the sellers of the real estate, not the Purchaser-

Plaintiffs, paid the 6% commission to their agents, and the agents subsequently split the

commissions with the brokers of the Purchaser-Plaintiffs following completion of the sales.  The

Plaintiffs characterize the dealings between the agents and brokers as illegal price-fixing,

1

claiming that these transactions are violations of Section 4 of the Clayton Antitrust Act and Section 1 of the Sherman Act.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)[] of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The Defendant, a franchisor in this matter, contends that the Plaintiffs' amended complaint relies on mere conclusory allegations, but does not allege any conduct on the part of RE/MAX that indicates it participated in a conspiracy alleged by the Plaintiffs. Further, the Defendant argues that there is no basis for holding RE/MAX vicariously liable for an alleged price-fixing conspiracy because the Plaintiffs' amended complaint has not properly alleged any

facts to support liability under theories of actual agency, apparent agency (apparent authority) and/or joint venture liability.  Lastly, the Defendant asserts that the remaining miscellaneous claims against the Defendant based on franchising and parallel conduct are of no legal consequence.

In their response, the Plaintiffs argue that the amended complaint sufficiently alleged facts that established antitrust claims against RE/MAX under vicarious liability theories of actual agency, apparent agency and joint venture.  In addition, the Plaintiffs contend that they set out proper factual allegations in their amended complaint to support a finding of direct liability against RE/MAX.  Lastly, the Plaintiffs assert that they have, at minimum, set forth sufficient allegations in their amended complaint to have their claims against the Defendant go forward to the discovery phase.

The Court must determine what exactly the Plaintiffs have alleged against the Defendant in their amended complaint, and whether these allegations are sufficient to keep RE/MAX in this litigation.  In reviewing the amended complaint and the arguments put forth by the parties, the Court finds that the Plaintiffs have sufficiently alleged antitrust causes of action against RE/MAX under FRCP 8.

In an antitrust action, "dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly." *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976); *see also Tarleton v. Meharry Medical College*, 717 F.2d 1523, 1529 (6th Cir. 1983).  As such, "[a] Rule 12(b)(6) motion should only be granted if 'it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996-97 (6th Cir. 1994)(quoting

*Hospital Bldg. Co.*, 425 U.S. at 746).   A court reviews a plaintiff's antitrust claim under the "test of sufficiency" to determine whether the claim should go forward or is "wholly frivolous." *Kentucky Speedway, LLC v. National Ass'n of Stock Car Auto Racing, Inc.*, 410 F. Supp.2d 592, 595 (E.D. Ky. 2006)(citing *Radovich v. National Football League*, 352 U.S. 445, 453 (1957)). "'While the complaint might have been more precise' it would not be dismissed where the Court was 'not prepared to say that nothing can be extracted from [it] that falls under the Act of Congress.'" *Id.* at 595 (citing *Radovich* at 453). "[T]he test for the sufficiency of a complaint in an antitrust action is more liberal than the test for claims of fraud under Rule 9(b), and is guided by the 'short, plain and concise' language in Rule 8." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 681 (6th Cir. 1988).

The Court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).   In addition, as stated *supra*, "[w]hen considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

Here, the Plaintiffs have sufficiently alleged enough facts in their amended complaint to sustain vicarious liability claims against RE/MAX under theories of agency and apparent authority.  Paragraph 58(u) of the amended complaint properly put the Defendant on notice of these claims, emphasizing that as a franchisor it had control of the actions of the franchisees, that the Defendant participated with the franchisees in the setting of prices, and that the Defendant

4

"conditioned and controlled the culture" of the franchisees.  As noted *supra*, the Plaintiffs do not

need to allege specific facts in order to meet the pleading requirements of FRCP 8. *See Michaels*

*Bldg.*, 848 F.2d at 681.  Accordingly, the Court finds that the Plaintiffs have sufficiently alleged

vicarious liability claims against the Defendant under theories of actual agency and apparent

authority.[1]

In the instant matter, in contrast to the Sixth Circuit Court of Appeal's decision in

*Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*, 244 F.3d

521, 529-532 (6th Cir. 2001)("*SCAD*"), where the Court found that the plaintiffs had failed to

state that the defendant enjoyed market power and failed to allege an injury under Section 1 of

the Sherman Act, the Plaintiffs have sufficiently made such allegations within their amended

complaint. See Amended Complaint (Docket #59), Paragraphs 5; 6; 13; 14; and 58(p), (s),(t), &

(u).  In addition, the Court in that matter did not explicitly or implicitly hold and/or state that

conclusory allegations are not enough to survive a motion to dismiss.  As such, *SCAD* is

distinguishable from the instant case, and therefore, that holding does not control this matter.

In its reply to the Plaintiffs' response, the Defendant contends that the Plaintiffs did not

properly assert an apparent agency claim against the Defendant, and even if they did, the

Plaintiffs mislabeled the theory of liability in its response asserting "apparent agency" instead of

"apparent authority."  While the Plaintiffs may have mislabeled the theory of liability in their

response, the Plaintiffs nonetheless cite case law that supports liability in an antitrust action

---

[1]The Court does concur with the Defendant that the claim against RE/MAX for price-fixing under theory of joint venture liability fails for failure to a state claim.  The amended complaint did not assert the elements of a joint venture, and therefore, failed to inform the Defendant that the nature of their vicarious liability claim against them was predicated on a theory of joint venture. *See Crichton v. Golden Rule Ins. Co.*, 295 Ill .Dec. 393, 403-04 (Ill. App. 2005).

5

under a theory of apparent authority. *See American Society of Mech. Engineers v. Hydrolevel Corp.*, 456 U.S. 556, 560-562, 567-570 (1982); *Sims v. Marriott Intern., Inc.*, 184 F. Supp.2d 616, 617 (W.D. Ky. 2001).  Further, the Sixth Circuit Court of Appeals, in *Minger v. Wilson*, explained that Courts must look "beyond labels [and focus on] the substance of the allegations" when determining a cause of action asserted by a plaintiff.  *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001).  In *Minger*, the Court, in an opinion by Judge Boggs, determined that even though the complaint labeled a claim for negligent performance, in actuality the complaint stated a claim for intentional misrepresentation, and therefore, the intentional misrepresentation claim could go forward. *Id.*

Here, despite the labeling in their response, the Plaintiffs have put the Defendant on sufficient notice of an apparent authority claim, as stated within Paragraph 58(u) of the Plaintiffs' amended complaint.  Accordingly, the vicarious liability claims against RE/MAX under theories of agency and apparent authority shall go forward at this time.[2]

Lastly, while the Court concurs with the Defendant that alone Paragraphs 58(n), (p), (q) and (r) of the amended complaint, which address franchising and parallel conduct by the Defendant, are not enough to sustain an antitrust claim, these paragraphs, taken collectively with the entirety of the amended complaint, coincide with the antitrust claims asserted against the Defendant.  At this juncture, the Court cannot state with certainty that these statements are not relevant to the antitrust claim put forth by the Plaintiffs.  This will become more clear after discovery takes place.

---

[2]See also the Court's Opinion and Order addressing Coldwell Banker Real Estate Corporation and Century 21 Real Estate LLC's Motion to Dismiss (Docket #79).

**CONCLUSION**

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendant's Motion to Dismiss (Docket #82) is **DENIED**. The Plaintiffs' claims against the Defendant under theories of actual agency and apparent authority shall go forward at this time.  However, the Plaintiffs' claim against the Defendant under a theory of joint venture liability fails as a matter of law.