UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-cv-612-R

CASEY WILLIAM HYLAND, et. al.,
PLAINTIFFS

v.

HOMESERVICES OF AMERICA, INC., et. al.,                                                    DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Defendants' Joint Motion to Strike (Docket #77) the Plaintiffs' allegations within the Amended Complaint regarding the Department of Justice's complaints against: the Kentucky Real Estate Commission, National Association of Realtors and reference to a Kentucky real estate rebate regulation.  The Plaintiffs, Casey W. Hyland, Graham Pullen and Christopher R. Burnette ("Plaintiffs") have responded to the Defendants' motion (Docket #94), and the Defendants have replied to that response (Docket #108).  This matter is now ripe for adjudication.  For the following reasons, the Defendants' Joint Motion to Strike is **DENIED**.

## STANDARD

FRCP 12(f) states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

As such, the rule provides that a court may order stricken from any pleading any insufficient or prejudicial matter.  Motions to strike under Rule 12(f) are addressed within the sound discretion of the Court, although they are generally disfavored. *Ameriwood Industries Intern. Corp. v.*

*Arthur Andersen & Co.*, 961 F. Supp.1078, 1083 (W.D. Mich. 1997)(citing *Federal Sav. & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183, 1186 (E.D. Tenn.1988); *FDIC v. Butcher*, 660 F. Supp. 1274, 1277 (E.D. Tenn.1987); *FDIC v. Berry*, 659 F. Supp. 1475, 1479 (E.D. Tenn.1987)). Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953). A motion to strike should be granted only where there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the matter to stand would prejudice the party. *Ameriwood* at 1083. A motion to strike on grounds of impertinence and immateriality should be denied unless "it can be shown that no evidence in support of the allegation would be inadmissible." *Lipsky v. Commonwealth United Corporation*, 551 F.2d 887, 893 (2d Cir. 1976).

## DISCUSSION

The Defendants request that the Court strike from the pleadings any references to the Department of Justice's ("DOJ") complaint against and consent decree entered into with the Kentucky Real Estate Commission ("KREC"). The Defendants contend that any reference to the KREC case is both irrelevant and impertinent to the instant matter and are also precluded by the Clayton Act, and therefore, these references should be stricken from the pleadings. In addition, the Defendants put forth the same argument concerning any reference to the Kentucky rebate regulation involved in that suit. Lastly, the Defendants request that the Court strike from the pleadings any allegations relating to the DOJ's pending complaint against the National Association of Realtors ("NAR"), arguing that the allegations are immaterial to the instant matter.

In their response, the Plaintiffs assert that the Defendants have a high threshold to meet in order for the Court to strike any reference to the DOJ suits from pleadings. Further, the Plaintiffs argue that because KREC and NAR are not Defendants in the instant matter the Defendants are not prejudiced by the references to the DOJ suits. The Plaintiffs also contend that the allegations are not precluded by the Clayton Act. Lastly, the Plaintiffs claim that the allegations are relevant to the Plaintiffs' theory of liability.

The Court shall first address the relevancy and Clayton Act arguments put forth by the Defendants regarding the references to the KREC case and Kentucky rebate regulation in the complaint. The Court shall then address immateriality argument stated by the Defendants regarding the references to the NAR case in the complaint. The Court shall address each argument separately.

### 1. KREC Case & Rebate Regulation

The Defendants first contend that Section 5(a) of the Clayton Act precludes the Plaintiffs from mentioning the KREC case and rebate regulation within their complaint. Section 5(a) states, in pertinent part:

> A final judgment or decree . . . rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against *such* defendant in any action or proceeding brought by any other party against *such* defendant under said laws . . . *Provided, That this section shall not apply to consent judgments or decrees entered before any testimony has been taken*. (emphasis added).

The Plaintiffs argue that the Defendants have misconstrued the purpose of this section, asserting that the word "such" before "defendant" implies that the party must have been party to the prior consent judgment or decree in order for the last sentence to preclude the use a prior consent judgment or decree. Based on the language of this section and case law, the Court concurs with

3

the Plaintiffs that Section 5(a) would not preclude the mentioning of the consent decree in this matter because the Defendants were not a party to the KREC case. The Plaintiffs correctly note that the cases cited by the Defendants in support of their contention involved parties who were involved in both the prior action and pending litigation. *See U.S. Football League v. National Football League*, 634 F. Supp 1155, 1173 (S.D. N.Y. 1986); *Damon Corp. v. Geheb*, 1982 WL 1927 (N.D. Ill. 1982. Nov. 23, 1982); *Kunc v. ARA Services, Inc.*, 414 F. Supp. 809 (W.D. Okla. 1976); *Polychrome Corporation v. Minnesota Mining and Manufacturing Corp.*, 263 F. Supp. 101, 102 (S.D. N.Y. 1966). Accordingly, the Court finds that Section 5(a) does not preclude the Plaintiffs from mentioning the KREC case and rebate regulation within their complaint.

Both sides, in support of their respected arguments, have also cited the Second Circuit Court of Appeals case of *Lipsky v. Commonwealth United Corporation* ("CUC"), 551 F.2d 887, 892-94 (2d Cir. 1976). The Court in *Lipsky* reviewed whether the district court erred when it entered an order under FRCP 12(f) striking certain portions of the pleadings that contained references to an SEC complaint and consent decree that involved the defendant, CUC. *Id.* at 892-93. On appeal, the plaintiff contended that the SEC complaint and consent judgment were relevant to the liability of CUC concerning the defendant's efforts to register stock. *Id.* at 893. Nonetheless, the Court affirmed the decision by the district court, noting that although the SEC complaint and consent may be relevant to question of liability, the Court held that under FRE 408 the complaint and consent decree could not come is as evidence "in subsequent litigation between *that* corporation and another party." *Id.* (emphasis added); *see also Data Processing Financial & General Corporation v. IBM*, 430 F.2d 1277, 1278 (8th Cir. 1970)(affirming the decision of the district court in granting IBM's FRCP 12(f) motion to strike from the complaint

any reference to a prior consent decree in which IBM was a party).

In reaching this decision, the Court reasoned that "[a]lthough it appears to us that the opinion of the SEC may well be relevant to the question whether CUC used its best efforts, we hold that neither a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings under the facts of this case." *Id.* Further, in referencing FRE 410, the Court stated that:

> [t]his is a consent judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues. Consequently, it can not be used as evidence in subsequent litigation between that corporation and another party. Fed.Rules Evid., Rule 410, 28 U.S.C.A., *prohibits a plea of nolo contendere from being later used against the party who so pleaded.* Although CUC did not, technically, plead nolo contendere to the SEC's complaint, nolo pleas have been equated with "consent decrees" for purposes of the proviso to s 5(a) of the Clayton Act. (emphasis added).

In the instant matter, in contrast to *Lipsky*, none of the Defendants were a party to the previous KREC case. In reaching its decision to affirm the district court, the Court gave notice to the fact that CUC was a party to the previous consent decree, and then emphasized that similar to nolo contendere pleas, consent decrees should not later be used against the party who entered into it. Here, as noted *supra*, none of the Defendants were involved with the KREC case referenced by the Plaintiffs in their complaint. Accordingly, at this juncture, the Court finds that any reference to the KREC case and rebate regulation shall not be stricken from the complaint.

### 2. NAR Case

The Defendants argue that the references within the Plaintiffs' complaint regarding the pending DOJ suit against NAR merely recite that DOJ has sued NAR, and therefore, should be stricken. The Defendants assert that because the Plaintiffs have not alleged that the Defendants are part of the nationwide conspiracy and/or implement NAR policies, that suit is immaterial to

the instant litigation. In response, the Plaintiffs argue that similar to the reasoning regarding the referencing of the KREC case, neither the Clayton Act nor the case law preclude mentioning the pending NAR case. In addition, the Plaintiffs also argue that the Defendants' membership in the NAR is relevant to the instant matter because it shows how the Defendants "effectuated their scheme" against the Plaintiffs.

In support of their motion to strike any reference to the pending NAR case, the Defendants cite the case of *Damon Corp. v. Geheb*, 1982 WL 1927 (N.D. Ill. Nov. 23, 1982). In *Geheb*, the district court granted the plaintiffs' motion to strike parts of the defendants' counterclaim, which referred to a prior consent decree involving the FTC, relying on Section 5(a) of the Clayton Act. *Geheb* at *2. Noting that plaintiff Damon Corp. was a party in the prior consent decree with the FTC, the Court noted that Section 5(a) barred consent judgments in civil cases. *Id.*

Additionally, the Defendants cite the case of *U.S. Football League v. National Football League*, 634 F. Supp. 1155, 1173 (S.D. N.Y. 1986)("*USFL*") in support of their argument. In *USFL*, the district court excluded evidence of prior antitrust violations *concerning the NFL*, holding that such evidence was prejudicial under FRE 403. *Id.* (emphasis added).

Here, in contrast to *Geheb*, Section 5(a) does not preclude the reference to the *pending* case against the NAR in this matter. Further, in the instant case, unlike both *Geheb* and *USFL*, none of the Defendants are a party to the NAR litigation. Accordingly, neither *Geheb* nor *USFL* stand for the proposition that the reference to the NAR case in this matter is immaterial and improper.

The Defendants also cite the Second Circuit Court of Appeals case of *AD/SAT v.*

*Associated Press*, 181 F.3d 216, 223 (2d Cir. 1999) and the Eastern District of Pennsylvania case of *Trist v. First Fed. Sav. & Loan Ass'n*, 466 F. Supp. 578, 587 (E.D. Pa. 1979) in support of their motion to strike.  The Defendants assert that each of those cases held that membership in an organization is irrelevant to a Sherman Act claim. *See id.*  However, the Court in those matters made those statements addressing a motion for summary judgment, not a motion to dismiss. *Id.*  The Court held that after discovery had taken place it found that mere references to a membership in an organization, at that juncture, did not support an antitrust violation. *Id.*  Further, in *Trist*, the Court held that while the reference may not support antitrust liability, the evidence was nonetheless admissible because it was "probative" to the alleged restraint of trade. *Trist* at 587.

   In the instant matter, in contrast to *AD/SAT* and *Trist*, the Plaintiffs have not yet conducted discovery in this matter.  The Court in *AD/SAT* determined that after discovery had taken place the plaintiff had provided insufficient evidence to show that the association, as a whole, had restrained trade. *Id.* at 233-34.  The Court went on to hold that at that juncture the plaintiff needed show more than the fact the defendant belonged to the association. *Id.*  Here, the Plaintiffs have sufficiently alleged more than a mere membership in the NAR by claiming that the Defendants have not abided by NAR regulations and that the Defendants used their membership in NAR to "effectuate" price fixing through mirroring the anti-competitive rules of NAR.  Accordingly, at this juncture, the Court finds that any reference to the pending NAR case shall not be stricken from the complaint.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendants' Motion to Strike (Docket #77) is **DENIED**.