UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-cv-612-R

CASEY WILLIAM HYLAND, et. al.,
PLAINTIFFS

v.

HOMESERVICES OF AMERICA, INC., et. al.,                                    DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Defendants' Joint Motion to Dismiss (Docket #83) the Plaintiffs' Amended Complaint.  The Plaintiffs, Casey W. Hyland, Graham Pullen and Christopher R. Burnette ("Plaintiffs") have responded to the Defendants' motion (Docket #99), and the Defendants have replied to that response (Docket #112).  In addition, the Plaintiffs have filed an amended memorandum of law (Docket #115) in opposition to the Defendants' Joint Motion to Dismiss.  This matter is now ripe for adjudication.  For the following reasons, the Defendants' Joint Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

The Plaintiffs are purchasers and sellers of real estate in the Commonwealth of Kentucky sometime between January 1, 1991 through the present, and as such, the Plaintiffs seek to represent a class of persons and/or entities who purchased and/or sold real estate during this class period.  The Purchaser-Plaintiffs allege that they each indirectly paid a 6% commission to their respective brokers.  Both parties concur that the sellers of the real estate, not the Purchaser-Plaintiffs, paid the 6% commission to their agents, and the agents subsequently split the commissions with the brokers of the Purchaser-Plaintiffs following completion of the sales.  The Plaintiffs characterize the dealings between the agents and brokers as illegal price-fixing,

claiming that these transactions are violations of Section 4 of the Clayton Antitrust Act and Section 1 of the Sherman Act.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

In their joint motion to dismiss, the Defendants allege that the Plaintiffs have not properly pled an antitrust claim against them because the actual basis of the Plaintiffs' amended complaint stems from the state rebate regulation, 201 KAR 11:121(2)(a). Therefore, the Defendants contend that the doctrine of state action immunity prevents the Plaintiffs from basing their antitrust claim on this regulation because compliance with a state regulation cannot form

the basis of a Sherman Act violation, and any petitioning by the Defendants to the Kentucky Real Estate Commission ("KREC") (the body authorized by statute and appointed by the Governor, who passed the regulation in question) related to the regulation also cannot form the basis of a Sherman Act violation.  The Defendants assert that without their improper reliance upon the state rebate regulation, the remainder of the Plaintiffs' suit does not state a proper antitrust claim against the Defendants, and therefore, the amended complaint should be dismissed as a matter of law.  The Defendants further contend that the four (4) year statute of limitations under the Clayton Act bars any liability and damages that accrued prior to October 11, 2001; four (4) years prior to the filing of the instant matter.

In their response, the Plaintiffs argue that the crux of their amended complaint is not based on the Defendants' abiding by the state rebate regulation, but instead focuses on the claims that the Defendants allegedly engaged in illegal price fixing by conspiring to charge a 6% commission across the board, without any willingness to negotiate with customers, even though the costs of providing services has decreased while prices of real property in Kentucky has increased.  The Plaintiffs assert that have properly pled a antitrust claim under FRCP 8 and that their references in the amended complaint to the KREC rebate regulation is not a reliance on the regulation as the basis of their antitrust claims, but instead goes to support their antitrust claims based on price fixing.  Lastly, the Plaintiffs contend that because their antitrust claims against the Defendants constitute a continuing conspiracy, the statute of limitations does not preclude suits whose causes of action occurred before October 11, 2001.

The Court shall first address the argument put forth by the Defendants that the basis of the Plaintiffs' amended complaint is that the Defendants abided by the state rebate regulation.

The Court shall then address the statute of limitations arguments set out by the Defendants.  The Court shall address each issue separately.

### 1. Whether the Plaintiffs Have Properly Pled an Antitrust Claim

In an antitrust action, "dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly." *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976); *see also Tarleton v. Meharry Medical College*, 717 F.2d 1523, 1529 (6th Cir. 1983).  As such, "[a] Rule 12(b)(6) motion should only be granted if 'it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996-97 (6th Cir. 1994)(quoting *Hospital Bldg. Co.*, 425 U.S. at 746).   A court reviews a plaintiff's antitrust claim under the "test of sufficiency" to determine whether the claim should go forward or is "wholly frivolous." *Kentucky Speedway, LLC v. National Ass'n of Stock Car Auto Racing, Inc.*, 410 F. Supp.2d 592, 595 (E.D. Ky. 2006)(citing *Radovich v. National Football League*, 352 U.S. 445, 453 (1957)). "'While the complaint might have been more precise' it would not be dismissed where the Court was 'not prepared to say that nothing can be extracted from [it] that falls under the Act of Congress.'" *Id.* at 595 (citing *Radovich* at 453).  "[T]he test for the sufficiency of a complaint in an antitrust action is more liberal than the test for claims of fraud under Rule 9(b), and is guided by the 'short, plain and concise' language in Rule 8." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 681 (6th Cir. 1988).

The Court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).  In addition, as stated *supra*, "[w]hen considering a motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

The Sixth Circuit Court of Appeals, in *Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.*, stated that:

> [t]he essential elements of a private antitrust claim must be alleged in more than vague and conclusory terms to prevent dismissal of the complaint on a defendant's 12(b)(6) motion. *Hohensee v. Akron Beacon Journal Publishing Co.*, 174 F.Supp. 450, 452 (N.D.Ohio 1959), *aff'd*, 277 F.2d 359 (6th Cir.), cert. denied, 364 U.S. 914, 81 S.Ct. 277, 5 L.Ed.2d 227 (1960). Since either conspiracy or restraint of trade is an essential element of a Section 1 Sherman Anti-Trust claim, failure to allege either one justifies dismissal of an antitrust claim.

*Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.*, 854 F.2d 802, 805 (6th Cir. 1988).

At this juncture, in construing the complaint in favor of the Plaintiffs, the Court finds that the Plaintiffs amended complaint has sufficiently set out an antitrust claim against the Defendants.  While the Court agrees with the legal principles put forth by the Defendants in their joint motion to dismiss, which hold that compliance with a state regulation cannot form the basis of an antitrust claim, the Court feels the Plaintiffs have still met their burden under FRCP 8. Despite any reference to the state rebate regulation, the Plaintiffs have sufficiently pled an antitrust claim against the Defendants by properly alleging a conspiracy amongst the Defendants, who the Plaintiffs claim have a large share of the market, to illegally "price fix" within the Louisville real estate market by setting their commissions at 6%, while prohibiting any negotiations on the rate in order to eliminate price competition, and therefore, causing the class of plaintiffs financial harm. *See* Amended Complaint, Docket #59, ¶¶1,3-6, 9, 33, 36-42, 58 &

68. At this juncture, it appears that any reliance on the state rebate regulation within the amended complaint only goes to support the Plaintiffs' claim that the Defendants conspired and engaged in parallel price fixing, not that the Plaintiffs' claim hinges on the state rebate regulation.

Here, as in most antitrust cases, "where the proof is largely in the hands of the alleged conspirators," discovery will help to determine whether the Plaintiffs allegations have merit. *Poller v. Columbia Broadcasting*, 368 U.S. 464, 473 (1962). Accordingly, the Plaintiffs have pled a proper antitrust claim against the Defendants under FRCP 8, and that claim shall go forward at this time.

### 2. Four (4) Year Statute of Limitation under the Clayton Act

Section 4 of the Clayton Act, 15 U.S.C. § 15(b), imposes a four (4) year statute of limitations on private antitrust actions. The Sixth Circuit Court of Appeals, in *Re/Max Intern., Inc. v. Realty One, Inc.*, noted that "[t]he statute of limitations for federal antitrust actions is four years from the accrual of the action. 15 U.S.C. § 15b. A cause of action accrues when a defendant commits an act that injures the plaintiff's business." *Re/Max Intern., Inc. v. Realty One, Inc.*, 173 F.3d 995, 1021 (6th Cir. 1999)(citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971)). In *Zenith*, the United States Supreme Court held that "each time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act and that, as to damages, the statute of limitations runs from the commission of the act." *Zenith*, 401 U.S. at 338; *see also Barnosky Oils, Inc. v. Union Oil Co. of California*, 665 F.2d 74, 81-82 (6th Cir. 1981)("[w]hen a continuous antitrust violation is alleged, a cause of action accrues each time a plaintiff is injured by an act of the

6

defendants...however, [] [the] plaintiffs may sue only for damages that result from acts committed by the defendants within the four years preceding commencement of suit."). As such, while an antitrust plaintiff does not have to wait until the conspiracy ceases in order to bring suit, and each overt act constitutes a cause of action, under *Zenith*, a plaintiff must bring a suit based on that cause of action within four (4) years. *Id.*

Here, the Plaintiffs have alleged a continuing conspiracy, from 1991 to the present, against the Defendants.  However, the original complaint was brought against the Defendants on October 11, 2005.  Therefore, the beginning of the limitations period in this matter is October 11, 2001.  Accordingly, the Court finds that any cause of action that accrued before October 11, 2001, is barred by the four (4) year statute of limitations. *See Zenith*, 401 U.S. at 388; 15 U.S.C. § 15(b).[1]

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendants' Joint Motion to Dismiss (Docket #83) is **GRANTED in part** and **DENIED in part**.  The Plaintiffs have properly pled an antitrust claim against the Defendant, and therefore, at this time, the Plaintiffs' claims shall go forward. However, any causes of action that accrued before October 11, 2001 are **DISMISSED**, as such claims are precluded by the four (4) year statute of limitations of the Clayton Act.

---

[1]While the Plaintiffs have not explicitly addressed the matter of tolling, the Court also finds that the statute of limitations has not tolled in this matter.  In order to prove that the statute of limitations has tolled, the Plaintiffs must show: "(1) concealment of the material basis for the cause of action by defendants; (2) failure to discover operative facts during the four-year period and prior to 1989; and (3) plaintiff's due diligence to pursue the operable and material information.." *Alba v. Marietta Memorial Hosp.*, 202 F.3d 267, *3 (6th Cir. 2000)(citing *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975)).  The Plaintiffs have not met their burden on this issue, and therefore, the Court finds that the statute of limitations has not tolled in this matter.