UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05cv-612-R

CASEY WILLIAM HYLAND, et. al.,
PLAINTIFFS

v.

HOMESERVICES OF AMERICA, INC., et. al.,                           DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Plaintiffs' Motion to Alter Judgment (Docket #130) as to the Court's December 1, 2006 memorandum opinion and order, respectively (Dockets #128 & #129). The Court has granted part of that motion, as it relates to the claim of Plaintiff Christopher R. Burnett to remain as a party in this matter (Docket #132). The remainder of that motion is now ripe for adjudication. For the following reasons, the Plaintiffs' motion to alter judgment is **DENIED** as it relates to the Defendants' failure to raise the standing argument in their opening brief and the applicability of the direct purchaser rule to this case.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834. A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

## DISCUSSION

The Plaintiffs' contend that the Court should alter the judgment from its previous opinion and order because: 1) the Defendants' failed to raise the direct purchaser rule argument in their opening brief, and therefore, waived the argument; and 2) that the direct purchaser rule is inapplicable to the facts of the case.  The Court shall address each of these arguments individually.

**1. Defendants' Failure to Raise the Direct Purchaser Rule Argument in Their Opening**

**Brief**

The Sixth Circuit Court of Appeals, in *Coal Operators and Associates, Inc. v. Babbitt*, in citing the United States Supreme Court case of *Warth v. Seldin*, stated that "[s]tanding is "the threshold question in every federal case."'  291 F.3d 912, 915-916 (6th Cir. 2002) (citing 422 U.S. 490, 498 (1975)).  Similar to a Court of Appeals, a party before a United States District Court must have Article III standing to bring a claim before the Court. *Id*; *see United States v. Van*, 931 F.2d 384, 387 (6th Cir.1991); *Swinney v. General Motors Corp.*, 46 F.3d 512, 517-518 (6th Cir. 1995); *Adams by Adams v. Township of Redford*, 85 F.3d 628, \*2 (6th Cir. 1996).

In the instant matter, the Plaintiffs contend that the Defendants failed to argue the direct purchaser argument in their initial brief.  However, the direct purchaser argument is directly related to the issue of standing, which the Court must determine in order to address the claims of the Plaintiffs.  Courts may address standing issues at any point in the litigation. *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004).  Accordingly, the Court finds that the Defendants' failure to raise the direct purchaser rule argument in their opening brief has no bearing on the Court's decision in determining that the Purchaser-Plaintiffs (buyers) do not have

standing to come before the Court.

## 2. The Applicability of the Direct Purchaser Rule

In the alternative, the Plaintiffs also contend that even if the Court may address the

standing issue at this juncture, the direct purchaser rule does not apply to the instant matter

because the facts are "critically different" from the United States Supreme Court case of *Illinois*

*Brick Co. v. Illinois*, 431 U.S. 720, 740-742 (1977), and the Plaintiffs allege that they dealt

directly with the Defendant-brokers in the self-same transaction.  In support of their argument,

the Plaintiffs cite the United States Supreme Court case of *McLain v. Real Estate Board of New*

*Orleans*, 444 U.S. 232, 234-35 (1980).

In *McLain*, the Supreme Court addressed whether a class of individual real estate vendors

and purchasers could bring an antitrust action against real estate brokers under the Sherman Act.

*McLain*, 444 U.S. at 234.  Though the Court did not address the applicability of its previous

holding in *Illinois Brick* nor the issue of standing, the Court ultimately held that the plaintiffs had

established jurisdiction under the Sherman Act because the plaintiffs had sufficiently alleged a

relationship between themselves, the transactions involved, and interstate commerce. *Id.* at 245-

246.  The Court reasoned that the plaintiffs in that matter, both sellers and purchasers of real

estate alike, were affected by the activities of the real estate brokers because both entities were

brought together by the brokers and both sellers and purchasers were charged *directly* on a fee

calculated as a percentage of the sales price on the same transaction. *Id.* at 246 (emphasis added).

Here, in contrast to *McLain*, the purchaser-Plaintiffs were not directly charged a fee by

the brokers who represented the sellers in this matter, nor did the purchasers' activities take

place in the same transactions as the sellers.  The Court in *McLain* did not have to address the

direct purchaser rule because both the purchasers and sellers were directly charged by the brokers.  In this case, the Plaintiff-purchasers were not directly charged by the real estate brokers.  Accordingly, *McLain* does not stand for the proposition that the direct purchaser rule does not apply to the instant matter.

The Plaintiffs also cite the Sixth Circuit Court of Appeals case of *County of Oakland v. City of Detroit* to demonstrate that the direct purchaser rule does not apply to instant matter. *County of Oakland v. City of Detroit*, 866 F.2d 839, 844, 847-50 (6th Cir. 1989).  *County of Oakland* involved a federal antitrust and RICO suit brought by Michigan counties against the City of Detroit regarding alleged overcharges for sewer services. *Id.* at 841.  The district court dismissed the complaint holding that the plaintiffs lacked standing to sue, reasoning that the plaintiff-counties were intermediaries and did not bear the full burden of the alleged overcharges. *Id.*  The Sixth Circuit overruled this decision, holding that the plaintiffs, as direct purchasers, had standing to bring the claim because the pass-on approach did not apply in that matter. *Id.* at 847. In looking at *Illinois Brick*, the Court in *County of Oakland* determined that the plaintiff-counties were direct purchasers for purposes of antitrust laws under § 4 of the Clayton Act because the city directly sold sewerage services at inflated prices to the counties. *Id.* at 849-50.  The Court emphasized the importance of the fact that the counties were direct purchasers, noting that "[a]s direct purchasers, the counties obviously assert a direct injury." *Id.* at 851 (citing *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 540 (1983)).

In the instant matter, unlike the plaintiff-counties in *City of Oakland*, the Plaintiffs were not direct purchasers for purposes of the commissions charged.  The direct purchaser relationship

emphasized in *City of Oakland* between the city and counties is not present in the instant matter; the Plaintiff-purchasers were not directly charged a 6% commission.  Paragraph 8 of the residential sales contract between the purchaser-Plaintiffs and the Defendants explicitly states that the "Seller," not the buyer, shall pay the commission.  The Plaintiffs admit to this in their response to the Defendants' Motion to Dismiss (See Dockets #97 & #98).  Accordingly, *City of Oakland* does not support the argument that the direct purchaser rule does not apply in this matter.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiffs' Motion to Alter or Amend (Docket #130) as it relates to the Defendants' failure to raise the standing argument in their opening brief and the applicability of the direct purchaser rule to this case is **DENIED**.