UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-cv-612-R

CASEY WILLIAM HYLAND, et. al.,
PLAINTIFFS

v.

HOMESERVICES OF AMERICA, INC., et. al.,                    DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on Defendants RE/MAX Connections' (Docket #85) and RE/MAX Properties East's ("RE/MAX East") (Docket #86) Motions to Dismiss. The Plaintiffs have responded to those motions (Dockets #97 & #98) and the Defendants have replied to those responses (Dockets #113 & #114). These matters are now ripe for adjudication. For the following reasons, the Defendants' Motions to Dismiss are **GRANTED**.

## BACKGROUND

The Plaintiffs are purchasers and sellers of real estate in the Commonwealth of Kentucky sometime between January 1, 1991 through the present, and as such, the Plaintiffs seek to represent a class of persons and/or entities who purchased and/or sold real estate during this class period. The Purchaser-Plaintiffs allege that they each indirectly paid a 6% commission to their respective brokers. Both parties concur that the sellers of the real estate, not the Purchaser-Plaintiffs, paid the 6% commission to their agents, and the agents subsequently split the commissions with the brokers of the purchaser-Plaintiffs following completion of the sales. The Plaintiffs characterize the dealings between the agents and brokers as illegal price-fixing, claiming that these transactions are violations of Section 4 of the Clayton Antitrust Act and Section 1 of the Sherman Act.

This particular claim arises out of the sale of property located at 1307 Cherokee Road, in Louisville, Kentucky, in 2004.  Plaintiff Graham Pullen ("Pullen"), the buyer, and the seller, Jo Anne Rodgers ("Rodgers"), entered into a Residential Sales Contract ("Contract") for the purchase of the property on December 17, 2004.  The Defendants argue that the Contract requires the parties to go before a mediation/arbitration panel to settle any disputes relating to the purchase of the property and the Plaintiffs failed to properly serve them under FRCP 4.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss.  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).  A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The Defendants contend that claims against them should be dismissed because the

Contract requires that the claims should go before a mediation/arbitration panel designated in Section 20. In addition, both Defendants also assert that the Plaintiffs' complaint is barred by the failure to comply with FRCP 4(h), arguing that the amended complaint fails to properly identify and serve the defendants in this matter, and therefore, proper summons has been neither issued nor served. Lastly, Defendant RE/MAX Connections claims that David Bischof Realty, LLC (d/b/a RE/MAX Connections), is not a proper party, and therefore, any claims against him should be dismissed.

In response, the Plaintiffs contend that their claims against the Defendants are outside the scope of the mediation/arbitration agreement ("agreement"), and even if they are not outside scope, the agreement is unconscionable and should not bind the Plaintiffs. The Plaintiffs further assert that they have properly identified and served the parties in this matter, and that the Defendants had more than adequate notice of the claims against them.

The Court shall first address whether the Defendants have been properly served under FRCP 4. Then, the Court shall address whether the mediation/arbitration agreement binds the parties in this matter. The Court shall address each issue separately.

### 1. Identification of the Proper Parties and Service of Process

The Defendants contend that the Plaintiffs failed to properly serve them under FRCP 4, and therefore, the Court should dismiss their claims. In addition, Defendant RE/MAX Connections argues that David Bischof Reality, LLC ("Bischof Realty") is not a proper party to this action because Bischof Reality merely purchased the RE/MAX Connections *after* the said transaction took place; therefore, the Defendant requests that all claims against Bischof Realty be dismissed.

In their response, the Plaintiffs contend that they properly served the parties in this matter, arguing that the Defendants were adequately put on notice on the suit against them, and therefore, the Plaintiffs satisfied the requirement of FRCP 4.  The Plaintiffs also note that the Defendants' filing of this motion demonstrates that they understood they were parties to this matter.  Further, the Plaintiffs assert that Bischoff Reality should not be dismissed at this time because discovery has not yet taken place and the Defendant has not shown that he is discharged from all liabilities stemming from the real estate transaction in question.

When the facts concerning service of process are not in dispute, as in the instant matter, the determination as to whether service was proper under FRCP 4 is a matter of law for the court to decide. *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).  Here, the Plaintiffs served RE/MAX Connections' employee, Ms. Lisa Riggs, and served RE/MAX East's employee, Ms. Darci Scots; however, while both employees acknowledged the service by the Plaintiffs, the Defendants were served at the improper location and neither Ms. Riggs nor Ms. Scots were the correct agent for purposes of proper service.  While the Defendants knew about the suit, "actual knowledge of the law suit does not substitute for proper service of process under Rule 4." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991).

In *Friedman*, the Sixth Circuit Court of Appeals held that "[d]ue to the integral relationship between service of process and due process requirements, we find that the district court erred in its determination that actual knowledge of the action cured a technically defective service of process." *Id.*  Accordingly, the fact that the Defendants knew about the suit against them does not constitute adequate service of process in this matter.

FRCP 4(m) states, in pertinent part:

4

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

The plaintiff bears the burden to establish good cause. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). "Good cause necessitates a demonstration of why service was not made within the time constraints...[t]he determination of good cause is left to the sound discretion of the district court." *Id.* Courts use an "excusable neglect standard" to help determine whether the a plaintiff shows good cause for the failure to serve a defendant on time. *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Under a two-step analysis, a plaintiff must "first must demonstrate that his failure to meet the deadline was a case of neglect...[s]econd, the movant must establish that the failure to act was excusable." *Id.* "'[T]he excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases.'" *Id.* (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir.1989)).

In the instant matter, the Plaintiffs have not demonstrated that their failure to properly serve the Defendants was excusable. The amended complaint was filed by the Plaintiffs on January 20, 2006. At no point within 120 days after filing the complaint did the Plaintiffs attempt to serve the Defendants at their registered Kentucky offices. In addition, the Plaintiffs have not addressed in their response that their failure to properly serve the Defendants was a case of neglect, and that such neglect was excusable under the circumstances. Accordingly, because the Plaintiffs have failed to adequately serve notice on the Defendants RE/MAX Connections

and RE/MAX East, the Court does not have personal jurisdiction over those Defendants.[1]

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendants' Motions to Dismiss (Dockets #85 & #86) are

**GRANTED**.  Accordingly, all claims against Defendants RE/MAX Connections' and RE/MAX

Properties East are **DISMISSED**.

---

[1]As the Court does not have personal jurisdiction over RE/MAX Connections, d/b/a David Bischof Reality, LLC, it need not address at this juncture whether or not Bischof Reality is a proper party to this action.  In addition, as the Court does not have personal jurisdiction over the Defendants in this matter, it need not address the issue related to the arbitration agreement.