UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-CV-612-R

CASEY WILLIAM HYLAND, et. al.,                                                    PLAINTIFFS

v.

HOMESERVICES OF AMERICA, INC., et. al.,                                   DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Defendants' Motions for Reconsideration (Dockets #151, #154, and #155, respectively). The Plaintiffs have responded to these motions (Docket #162) and the Defendants have replied to this response (Dockets #166, #167 and #170). This matter is now ripe for adjudication. For the following reasons, the Defendants' Motions to Reconsider (Dockets #151, #154 and #155) are **DENIED**.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834. A FRCP 59(e) motion to alter does not provide the plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

## DISCUSSION

Recently, the United States Supreme Court, in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

1955, 1974 (2007), addressed the sufficiency of pleadings of a Section 1 Sherman Act claim under a Fed.R.Civ.P. 12(b)(6) standard, holding that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is *plausible* on its face" (emphasis added).  As such, the Court did not mandate a "heightened" pleading of specific facts, but instead held that the facts themselves must "raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.* at 1965.  It is under the "plausibility standard" set out in *Twombly* that the Defendants contend that the Plaintiffs' antitrust claims must be dismissed, and therefore, the Court should reconsider its prior decisions.

In *Twombly*, the plaintiffs alleged that the defendants conspired to restrain trade by inflating charges for local telephone and high-speed Internet services. *Id.* at 1962.  The plaintiffs contended that there was a lack of meaningful competition in their telephone and Internet markets because the defendants had engaged in parallel conduct to prevent competition. *Id.* at 1962-63.  The plaintiffs also stated that they have a "belief" that the defendants entered into a contract, combination or conspiracy to prevent competitive entry in their markets. *Id.* at 1963.  The United States District Court for the Southern District of New York dismissed the complaint for failure to state a claim upon which relief can be granted, holding that allegations of parallel conduct, taken alone, do not state a proper claim under Section 1 of the Sherman Act, and that the complaint failed to raise an inference that the actions were the result of a conspiracy. *Id.*  The district court emphasized the need to allege "independent self-interested conduct" as an explanation of the defendants' parallel conduct, not vice-a-versa. *Id.*  The Second Circuit Court of Appeals reversed the decision of the district court, and the Supreme Court reversed the Court of Appeals' decision. *Id.*

In examining "what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act," the Court determined that:

> stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

*Id.* at 1965. The Court went on to hold that "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more parallel conduct does not suggest conspiracy...when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a proceeding agreement." *Id.* at 1966.

In applying the plausibility standard to the complaint, the Court concurred with the district court that the complaint failed because the plaintiffs based their claims on descriptions of parallel conduct, "and not on any independent allegation of actual agreement among [the defendants]." *Id.* at 1970. The Court noted that while the complaint did sparingly mention independent agreements between the defendants, the basis of the complaint concerned the alleged parallel conduct of the defendants to keep competitors out of their markets and that those actions demonstrated an illegal agreement on the part of the defendants. *Id.* at 1970-71. The Court found that the supposed agreement between the defendants to disobey the 1996 Telecommunications Act was more of a natural and "unilateral reaction" of each defendant to resist competition, and that such individual actions by the defendants did not "plausibly suggest" an agreement or conspiracy by the defendants. *Id.* at 1971. Lastly, the Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," stating that in a complaint a plaintiff must "nudge" its § 1

3

claim "across the line from conceivable to plausible." *Id.* at 1973.

In the instant matter, the Defendants request that in light of *Twombly* the Court reconsider its opinion and orders that collectively denied the Defendants' motions to dismiss for failure to state a claim under FRCP 12(b)(6). (See Dockets #139, #140, and #142, respectively). In those opinions, this Court found that "the Plaintiffs have sufficiently pled an antitrust claim against the Defendants by properly alleging a conspiracy amongst the Defendants, who the Plaintiffs claim have a large share of the market, to illegally 'price fix' within the Louisville real estate market by setting their commissions at 6%, while prohibiting any negotiations on the rate in order to eliminate price competition, and therefore, causing the class of plaintiffs financial harm. *See* Amended Complaint, Docket #59, ¶¶1,3-6, 9, 33, 36-42, 58 & 68." In addition, the Court also found that "while the Court concurs with the Defendant that alone Paragraphs 58(n), (p), (q) and (r) of the amended complaint, which address franchising and parallel conduct by the Defendant, are not enough to sustain an antitrust claim, these paragraphs, taken collectively with the entirety of the amended complaint, coincide with the antitrust claims asserted against the Defendant. At this juncture, the Court cannot state with certainty that these statements are not relevant to the antitrust claim put forth by the Plaintiffs. This will become more clear after discovery takes place."

Here, in contrast to *Twombly*, the Court determined that the Plaintiffs had alleged more than parallel business conduct and a "bare" assertion of a "belief" of a conspiracy in their amended complaint. The Plaintiffs' main allegation was that the Defendants participated in a price-fixing conspiracy in which they agreed not to negotiate on their brokerage fees with sellers and buyers of real estate in the Louisville area. The Plaintiffs supported these assertions by

4

including in their complaint: references to the enforcement actions brought by the Department of Justice; alleged admissions of price-fixing by real estate brokers; an exchange of price-information and catalogues between the parties; price increases while the Defendants' costs and non-real estate broker fees declined; allegations of improper franchising; and references to Kentucky regulations that the Defendants helped to implement through the Kentucky Real Estate Commission (the anti-rebate rule).  As such, the Court found that the Plaintiffs had put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.* at 1965.  This finding is consistent with the plausibility standard set out in *Twombly* because the Court determined that the Plaintiffs had alleged more than parallel conduct combined with a bare reference to an agreement, but instead the Court found that the basis of the Plaintiffs' complaint was that the Defendants had improperly conspired to price-fix, and that any parallel conduct alleged supported these allegations.

     Lastly, the bulk of the Defendants' motions to reconsider reassert previous arguments addressed by the Court and/or imply that *Twombly* requires a more stringent pleading standard. However, as emphasized on more than one occasion by the Court in its opinion, *Twombly* does not require a "heightened" pleading standard, but instead looks at *what* information has been provided by a plaintiff, not the *amount*.  Here, the Plaintiffs, through their third amended complaint, have properly put the Defendants on notice of its alleged antitrust claims by setting out facts of an alleged a conspiracy to price-fix between the Defendants, supported by actions of parallel conduct.  Accordingly, the Court finds that the Plaintiffs have "nudged" their claims across the line from conceivable to plausible.

5

## CONCLUSION

**IT IS ORDERED:**

For the foregoing reasons, the Defendants' Motions for Reconsideration (Dockets #151, #154, and #155, respectively) are **DENIED**.