UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:05-CV-612-R

**CASEY WILLIAM HYLAND, et al.**                                                                                   **PLAINTIFFS**

**V.**

**HOMESERVICES OF AMERICA, INC., et al.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion for Adjournment of Trial Date and Associated Deadlines (DN 530). After a telephonic conference with the parties, this Court ordered an expedited briefing schedule on the matter (DN 534). The HomeServices Defendants and Defendant McMahan Company, Inc. (d/b/a Coldwell Banker McMahan Company) have filed their response to Plaintiffs' motion as well as a proposed scheduling order. Plaintiffs have replied. This matter is now ripe for adjudication.

## BACKGROUND

In this class action suit, filed on October 11, 2005, Plaintiffs allege that Defendants engaged in a price-fixing conspiracy to inflate the price of commissions charged by real estate brokers for the purchase of real estate in Kentucky. The remaining defendants can be subdivided into four groups: (1) the HomeServices Defendants (HomeServices of America, Inc. and HomeServices of Kentucky, Inc. d/b/a Semonin Realtors and Rector-Hayden Realtors); (2) McMahan Company, Inc. d/b/a Coldwell Banker McMahan Company; (3) the Re/Max Group (Re/Max International, Inc.; Properties East, Inc. d/b/a Re/Max Properties East; Alliance Real Estate Services, LLC d/b/a Re/Max Alliance; Realtors 2000, Inc. d/b/a Re/Max Alliance; and Re/Max of Kentucky/Tennessee, Inc.); and (4) the Realogy Defendants (Realogy Corporation, Century 21 Real Estate LLC, and Coldwell Banker Real Estate Corporation).

On November 17, 2007, this Court certified a Rule 23(b)(3) class consisting of "All persons who paid a commission to Defendants and/or their affiliates . . . in connection with the sale of residential real estate (excluding initial sales of newly constructed homes) located in the Commonwealth of Kentucky during the period from October 11, 2001 to October 11, 2005 . . . ." DN 322. Defendants sought to appeal the Court's certification order; however, on March 13, 2009, the defendants' petition for leave to appeal the Court's order was denied by the Sixth Circuit. DN 325.

On August 17, 2009, this Court denied Plaintiffs' motion for a preliminary approval of a proposed settlement with Re/Max International. DN 331. Pursuant to that proposed settlement, Re/Max International would pay $46,250 in cash and provide cooperation to Plaintiffs in the prosecution of this action against the remaining defendants. This cooperation would have included Re/Max International making employees available for interviews and depositions, and for declarations and affidavits. Re/Max International would further provide relevant documents to Plaintiffs upon request and make its employees available to testify at the trial of this action. This Court declined to preliminarily approve of this settlement citing concerns over the low monetary value of the settlement in light of the costs of providing notice of the proposed settlement. Specifically, "if notice of the settlement were not combined with other required notices, this settlement would actually be a monetary net loss to the class." DN 331 at 4. The Court then noted that "[i]f other settlements are granted preliminary approval, the class's resources would be conserved by combining . . . all the communications with the class into a single notice." *Id*. at 5. For these reasons, the Court deferred consideration of the request for

preliminary approval until it could be determined if all or a substantial number of settlements as a whole merit preliminary approval. *Id.* at 6.

On November 23, 2011, Plaintiffs filed a motion for preliminary approval of a proposed settlement with the Realogy Defendants. DN 530. Plaintiffs simultaneously filed a motion renewing its previously denied motion for preliminary approval of the Re/Max International settlement (DN 531). Plaintiffs seek to combine notice of the proposed settlements with notice of the pendency of this class action.[1] Additionally, in light of the potential settlement with the Realogy Defendants, Plaintiffs filed this motion for an adjournment of the trial date.

The HomeServices Defendants, in their response to Plaintiffs' motion for an adjournment, point to several actions on the part of the plaintiffs which, in their view, constitute dilatory conduct and a failure to diligently prosecute and prepare their action. Specifically:

- Plaintiffs waited over nineteen months from the close of class discovery to begin fact depositions.

- Plaintiffs have not taken a single deposition since October 19, 2010.

- Plaintiffs produced a list of 63 proposed deponents and 173 potential deponents.

- Plaintiffs spent several months contending that the HomeServices Defendants' hard copy production of closing files was dilatory or inappropriate.

- Plaintiff waited nearly a year to meaningfully engage on a sensible ESI protocol.

- Plaintiffs sought and received multiple extensions and continuances of pre-trial deadlines, including a total 118 day extension of the discovery deadline and a 201 day extension of the deadline for expert disclosures.

---

[1] If both settlements were approved, the only remaining defendants would be the HomeServices Defendants and McMahan.

Plaintiffs respond that the lengthy discovery process is largely due to the actions of the HomeServices Defendants, specifically:

- HSA blocked 35 depositions by moving for a Protective Order.
- HSA delayed electronic discovery for 10 months by asserting they could not search for '%' signs, requiring Plaintiffs to hire experts to disprove Defendants' assertions.
- HSA belatedly produced 52,000 pages of e-discovery in August and September 2011.
- HSA blocked the discovery process by abusing the notice process.
- HSA's document production was performed in a manner Plaintiffs' believed to be not in compliance with the court order.

## DISCUSSION

The current trial date for this action is April 16, 2012 with the deadline for *Daubert* and dispositive motions set for February 3, 2012. Under Federal Rule of Civil Procedure, the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)(internal quotations omitted).

Plaintiffs contend that good cause exists for adjourning the trial date for the following reasons: (1) it will afford class members the opportunity to exclude themselves from the Class; (2) it will permit the settling Defendants to avoid the remaining litigation steps in this case; (3) it will narrow the scope of the remaining litigation and permit additional settlement progress to be made before the remaining litigation steps occur; and (4) it will allow Plaintiffs the documentary,

testimonial, and other important cooperation from Re/Max International as contemplated by their proposed settlement.

### 1. Arguments in Favor of Granting an Adjournment

Of the reasons proffered by Plaintiff supporting their position that an adjournment would be in the interest of the administration of justice, the Court finds the issue of notice to class members to be the most compelling. Rule 23(c)(2)(B) mandates that for 23(b)(3) classes, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state . . . that the court will exclude from the class any member who requests exclusion . . . and . . . the binding effect of a class judgment on members under Rule 23(b)(3)." Fed. R. Civ. P. 23(c)(2)(B). Class members must be given the opportunity to opt-out of the class before any adverse summary judgment and trial. 7AA Charles A. Wright, Arthur R. Miller, Mary K. Kane, and Richard L. Marcus, Federal Practice and Procedure, § 1788 (3d ed. 2011).

If this Court were to preliminarily approve the settlements with the Realogy Defendants and Re/Max International, then an additional notice of the proposed settlements must be sent to class members. Rule 23(e) mandates that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." Fed. R. Civ. P. 23(e)(1). Then, "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Id. at 23(e)(2).

Regardless of whether or not the Court grants preliminary approval of the proposed settlements, notice must be sent to the class members. This will necessarily take time to determine the individual class members, to send individual notice (if possible), provide summary

notice, and allow a sufficient time for class members to opt-out. If the Court were to preliminarily approve the proposed settlements, the Court would need additional time in which to conduct a fairness hearing. All of this must, of course, occur before the Court rules on any motion for summary judgment.

### 2. Arguments Against Granting an Adjournment

Although Plaintiffs cite to the anticipated cooperation from Re/Max International as a reason in favor of an adjournment, the Court finds that this actually weighs in favor of not granting the adjournment. It became clear during this Court's December 1, 2011 teleconference that Plaintiffs and the Realogy Defendants reached an agreement "in principle" to settle in April 2011 and informed Magistrate Judge Moyer that they would submit the settlement papers in May. Plaintiffs only submitted the proposed settlement on November 23, 2011, six months later. Plaintiffs now seek the Court's approval of both the potential Realogy settlement and the potential Re/Max settlement, with hopes that the ability to combine notices will result in this Court's approval.

If the Court were to approve one or both of these potential settlements, it is unclear how much value the class will receive from Re/Max's cooperation beyond that which they *could have* received through the ordinary discovery process. However, if the Plaintiffs were able to obtain new and relevant information through Re/Max's cooperation, this would necessarily create the need for additional delays and extensions. For example, Plaintiffs would likely seek to supplement their expert reports to accommodate this new information. This would create the need for additional expert discovery and for Defendants to supplement their expert reports. This in turn, would likely delay the submission of *Daubert* motions and motions for summary judgment.

The parties have been litigating this case for over six years. Although all parties likely shoulder some of the blame for the lengthy and contentious discovery process, Plaintiffs cannot claim that they have not had sufficient time to complete discovery and prepare for an April trial. Judge Moyer has warned the parties about the danger of continued discovery battles, stating that "[he saw] no reason to advise Judge Russell to change this trial date, and the more time the parties devote to discovery disputes, the less time they have to do their fact discovery." DN 514 at 15. Allowing Plaintiffs more time to discover evidence supporting the merits of their case now, over three years since the class was certified, is not the "good cause" necessary for this Court to delay the remaining deadlines and trial.

## CONCLUSION

Although the Court finds that Plaintiffs have not shown good cause for the requested 120-day adjournment of the trial and the associated deadlines, the Court is concerned about affording class members proper notice so as not to deprive them of due process. The Sixth Circuit has noted that sixty days-notice prior to exclusion and objection satisfy due process for absent class members. *See Fidel v. Farley*, 534 F.3d 508, 514-15 (6th Cir. 2008). Accordingly, Plaintiffs' motion for adjournment is GRANTED IN PART.

IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for preliminary approval of the proposed settlement with the Realogy Defendants is ripe.

2. Plaintiffs filed a motion for preliminary approval of the proposed settlement with Re/Max of Kentucky-Tennessee, Inc. on December 15, 2011. Any response shall be filed by **December 29, 2011**. Any reply shall be filed by **January 5, 2012**.

3. The Court will attempt to have a ruling on Plaintiffs' motions for preliminary approval of the proposed settlements by January 16, 2012.

   IT IS FURTHER ORDERED that the parties shall:

1. Identify experts in compliance with Fed.R.Civ.P. 26(a)(2):

   | | |
   |---|---|
   | By Plaintiffs: | **January 5, 2012** |
   | By Defendants: | **February 3, 2012** |
   | Plaintiffs Supplement: | **February 17, 2012** |
   | Defendants Supplement: | **March 2, 2012** |

2. No later than **April 6, 2012**, the parties shall complete all discovery.

3. No later than **April 20, 2012**, counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  Responses shall be due **May 11, 2012** and any replies due **May 25, 2012**.

4. On or before **June 18, 2012**:

   a. File a list of exhibits intended to be used at trial
   b. Produce for inspection of opposing counsel, marked for identification, all exhibits and charts which will be used at trial
   c. Comply with Rule 26(a)(3) as to witnesses and exhibits
   d. File any motions in limine (any responses shall be filed within 7 days)
   e. File a pre-trial brief containing a succinct statement of facts of the case, the questions of facts and questions of law with citations
   f. Submit proposed jury instructions
   g. Submit proposed jury voir dire questions.  The Court shall conduct voir dire.
   h. Designate portions of depositions to be used at trial (opposing counsel shall have 5 days thereafter to make additional designations)

5. A telephonic final pretrial conference will take place on **July 13, 2012 at 11:00 E.D.T.**

6. This action is assigned for trial by jury on the **30th day of July 2012, at 9:30 a.m.**  Counsel shall appear in chambers at **8:30 a.m.**

   With regards to the notification procedure, IT IS FURTHER ORDERED:

1. If the proposed settlements are preliminarily approved:

    a. Class Notice will begin **January 27, 2012.**

    b. Plaintiffs shall file a motion for final approval of the proposed settlements by **March 23, 2012**. Responses will be due **March 30, 2012** and replies by **April 6, 2012**. Class members will file any objections or notice of their intent to appear at the fairness hearing by **April 6, 2012**.

    c. Requests for exclusion from the class must by post-marked no later than **March 30, 2012**.

    d. A fairness hearing will take place on **April 17, 2012**.

    e. If the settlements are approved, class members must submit proof of claims by **May 18, 2012**.

2. If the proposed settlements are not approved:

    a. Class Notice will begin **January 27, 2012**.

    b. Requests for exclusion from the class must be post-marked no later than **March 30, 2012.**

**As a final matter, the Court reiterates that this action <u>will be</u> tried on July 30, 2012 if not settled or dismissed.**