UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CASEY WILLIAM HYLAND, et al.                                              PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:05-CV-612-R

HOMESERVICES OF AMERICA, INC., et al.                          DEFENDANTS

**OPINION AND ORDER**

The plaintiffs move for reconsideration of the denial of their motion to compel production of 22 document requests which seek corporate minute books, tax returns, and documentation of capital transfers and liability transfers, (DN 604-3). (Order, entered March 30, 2012, (DN 606)). In their response to the discovery requests, the defendants objected to the production on grounds including relevance, undue burden, duplicative requests, and re-litigation of the court's previous rulings, (DNs 458, 533).[1] Although the time has not run for the defendants' response to the motion to reconsider, **the court will deny reconsideration**.

In last week's order, the court rejected the motion to compel as untimely because it was filed March 27, 2012, ten days before the discovery cutoff, April 6th, and more than *six months* after the defendants served their discovery responses, September 26, 2011. The magistrate judge also questioned whether the plaintiffs' Rule 37 certification satisfied the local rules because there was no prior "meet and confer."[2] In the motion to reconsider, the plaintiffs argue the court clearly erred under any standard and in finding "substantial and unfair prejudice to the defendants" when no such showing was made. The plaintiffs state they sought no extension of

---

[1] While the court will not do a full merits analysis, it notes that the magistrate judge previously denied and the district court upheld the denial of discovery concerning intra-corporate transactions. Id.

[2] "Meet and confer" is not a mere formality. Instead, it is at the heart of efficient and effective discovery practice.

the discovery deadline and that the defendants made no showing that they cannot comply within the discovery period. The court respectfully disagrees.

"If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely." *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 621 (D. Nev. 1999) (quoting 8A *Wright, Miller & Marcus*, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2285 (1994 & Supp. 1998)). The court has inherent authority and discretion to determine whether a motion to compel has been made in a timely fashion – an implied, if not intrinsic, requirement of Rule 37 needed for effective case management under Rule 16 and for enforcing a discovery cutoff in particular. "If delay in moving to compel results in substantial prejudice to the party to whom it is directed, the district court may hold the requesting party has waived the right to compel a response." *Gault*, 184 F.R.D. at 621. Plaintiffs and their team of highly experienced lawyers have known of this alleged deficiency for six months; to raise it mere days before the close of discovery is a delay which will severely impact the tight schedule and for which no persuasive justification is shown.

The defendants made a sufficient showing of prejudice under circumstances the magistrate judge described as inconsistent with the spirit of collaborative discovery practice. The plaintiffs' motion to compel was filed too late for a full motion practice on the issue, and specifically, whether the financial information sought is duplicative, as it appears, of previous financial discovery requests the court held exceeded the scope of discovery in a case of an alleged horizontal price-fixing scheme. The defendant argued the late motion seeking a Rule 37(a) order was highly prejudicial. The magistrate judge remains persuaded it is unreasonable to compel the defendants to provide inspection or production of a significant range of financial information, tax returns, and corporate minutes of several entities spanning several years, in less

than nine days' time.  One can certainly anticipate disputes over the adequacy of any production, which would inevitably be followed by requests for depositions inspired by plaintiffs' review of the documents.  The court has been down the discovery road in this case before and it is a bumpy and slow journey with plenty of potholes and obstacles.  There is no conceivable way this discovery could be completed in nine days.

In the magistrate judge's discretion, the denial of the motion to compel is an appropriate and essential means to protect the pretrial period for preparing dispositive motions and trial preparation – the very purpose of a discovery deadline – so that this long-litigated case may reach an adjudication on the merits.  This case has been on a very tight time schedule and the court has met over a score of times with counsel, providing many opportunities to bring this issue up.  Allowing extensive, detailed, additional discovery now would be significantly prejudicial and plaintiffs have had more than ample time to seek the resolution of any perceived shortcoming in a six-months old discovery response.

**IT IS SO ORDERED.**

DATE:

Copies to
Counsel of Record