UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:05-CV-612

CASEY WILLIAM HYLAND, et al.                                             PLAINTIFFS

V.

HOMESERVICES OF AMERICA, INC., et al.                                    DEFENDANTS

### MEMORANDUM OPINION & ORDER

This matter is before the Court upon Plaintiffs' Rule 72 objections to the magistrate judge's order denying their motion to reconsider (DN 624). The Home Services Defendants' have responded (DN 648). Plaintiffs have replied (DN 649). This matter is now ripe for adjudication. For the following reasons, the magistrate judge's order denying Plaintiffs' motion for reconsideration is AFFIRMED.

### BACKGROUND

Plaintiffs brought this suit pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, based on Defendants' alleged violation of the Sherman Act, 15 U.S.C. § 1. Section 1 of the Sherman Act forbids combinations or conspiracies in restraint of trade or commerce. Plaintiffs allege that between 1991 and 2005, Defendants and their co-conspirators engaged in a conspiracy to inflate the price of commissions charged by real estate brokers for the purchase of real estate in Kentucky. Specifically, Plaintiffs focus on the alleged standard 6% commission charged by real estate brokers for their service. The Court referred non-dispositive matters in this action to Magistrate Judge Moyer.

On August 23, 2011, Plaintiffs served their Fourth Request for the Production of Documents and Electronically Stored Information to Defendant Home Services of America

("HSA").[1]  DN 604-2.  Plaintiffs requested the production of the following documents: minute books for the Home Services Defendants; documents which relate to the amount of capital of the Home Services Defendants; documents which relate to cash or other assets transferred from HSA to the other Home Services Defendants; minutes and notes of any meetings of the Board of Directors of HSA which refer to the other Home Services Defendants; resolutions of the Board of Directors of HSA which refer to the other Home Services Defendants; bylaws for the Home Services Defendants; state and federal income tax returns filed by the Home Services Defendants; documents that relate to guaranty agreements between HSA and Home Services of Kentucky; documents that reflect dividends distributed by HSK to HSA; indemnity agreements between HSA and the other Home Services Defendants; documents evidencing any indebtedness owed by Paul Semonin Company to HSA; and profit and loss statements for the Home Services Defendants.  Many of the requests sought documents for a period of time spanning many years.

HSA responded to the written requests on September 26, 2011.  In their response, HSA objected to all of the requests for the production of documents for one or more of the following reasons: (1) not reasonably calculated to lead to the discovery of relevant evidence; (2) unduly burdensome; (3) harassing and duplicative of prior requests for production; (4) previously produced; and (5) privileged.  Six months later, on March 27, 2012, Plaintiffs filed a Rule 30(b)(6) motion to compel alleging improper gaps in Defendants' document production and seeking the production of all documents responsive to its August 23, 2011 requests.[2]

---

[1] Home Services of America is the parent company of Defendant Home Services of Kentucky. Home Services of Kentucky does business as Defendant Semonin Realtors and Defendant Rector-Hayden Realtors.  Collectively, these Defendants are referred to as the Home Services Defendants.

[2] In addition to seeking the production of the documents requested, Plaintiffs sought the following: (1) re-designation of an individual to testify concerning HSA's financial due diligence

On March 28, 2012, the magistrate judge conducted a telephonic conference and heard arguments on the motion to compel. After discussion, and with the parties' consent, the magistrate ordered an expedited briefing schedule with Defendants' response and Plaintiffs' reply due that same day. On March 29, 2012, the magistrate judge denied Plaintiffs' motion to compel. With respect to the request for document production, the magistrate judge concluded that the time for compelling such discovery was long overdue. The magistrate judge noted that Plaintiffs were "dilatory with their request, without showing any good cause, to the substantial and unfair prejudice of the defendants." DN 606 at p. 6.

On April 2, 2012, Plaintiffs filed a motion for reconsideration of the magistrate judge's order denying their motion to compel the document production (DN 607). Plaintiffs argued that ordering the production of the requested documents would not necessarily result in an extension

---

investigation of Semonin Realtors and Rector-Hayden Realtors; (2) re-designation of Keith Rector as the corporate representative of Rector-Hayden Realtors so that he may testify concerning the financial and related information provided by Rector-Hayden Realtors to HSA in the course of its due diligence investigation; (3) production of Paul J. Leighton for a deposition on April 3, 2012; and (4) consent to the deposition of Galen K. Johnson.

Mr. Rector was deposed as an individual witness on February 7, 2012. Defendants had previously designated Mr. Rector on the topic of Rector-Hayden's Performance Guideline Manuals but later withdrew his designation in favor of Mr. DeVries. Mr. Devries was deposed on February 7, 2012. In an affidavit, Plaintiffs stated that counsel attempted to question Mr. DeVries and Ron Peltier, the President and Chief Executive Officer of HSA and the corporate-designee, concerning matters relevant to the relationship between HSA and Home Services of Kentucky, but that HSA counsel instructed each not to answer. DN 604-4.

Mr. Leighton is the corporate secretary of Home Services of Kentucky. He was identified by Mr. Peltier as someone who may have been involved in the due diligence for the Semonin acquisition. Mr. Johnson is the former chief financial officer of HSA and presently resides in Arizona. He was identified by Mr. Peltier has someone who may have knowledge of HSA's due diligence for the Rector-Hayden acquisition.

The magistrate judge denied all of Plaintiffs' requests for additional depositions. Plaintiffs did not seek reconsideration of those decisions and do not now object to those decisions.

of the discovery deadline and that HSA did not offer any evidence that ordering the document production would result in substantial and unfair prejudice. Plaintiffs contended that the result of the magistrate judge's order was to advance the court-ordered discovery deadline by several days. The magistrate judge denied the motion for reconsideration, reiterating the untimeliness of the motion to compel and the prejudice to Defendants. Plaintiffs then filed Rule 72 objections to the magistrate judge's order denying reconsideration.

## STANDARD OF REVIEW

Discovery matters in this case were referred to the magistrate judge pursuant to 28 U.S.C. § 636, which Congress enacted specifically to relieve the burden of the federal courts by permitting assignment of certain duties to magistrate judges. *Gomez v. United States*, 490 U.S. 858, 869-70 (1989). Section 636(b) identifies the powers that may be assigned to magistrates by the district court. It also sets out the applicable standard of review for objections to the ruling of a Magistrate Judge on such assigned matters. *See* 28 U.S.C. § 636(b) ("A judge of the court may reconsider any pretrial matter under subparagraph (A) [relating to nondispositive orders] where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").

In *United States v. Curtis*, 327 F.3d 598, 603 (6th Cir. 2001), the Sixth Circuit explained:

> Thus, § 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive, preliminary measures of § 636(b)(1)(A).' *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Conversely, 'dispositive motions' accepted from § 636(b)(1)(A), such as motions for summary judgment or for suppression of evidence, are governed by the de novo standard. *Id*. at 674.

*Curtis*, 237 F.3d at 603.

The language of Rule 72 of the Federal Rules of Civil Procedure "has implemented this statutory provision." *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). The relevant portion of Rule 72 provides in subsection (a) that this Court shall consider objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(1).

Our circuit holds that this standard of review is a limited one. *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). Several decisions from the courts of this circuit discuss the "clearly erroneous" and the "contrary to law" standard found in § 636(b)(1)(A) and Rule 72(a). In *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles,* 75 F.Supp.2d 835, 839 (W.D.Tenn.1999), our sister District Court for the Western District of Tennessee explained:

> A judicial finding is deemed to be clearly erroneous when it leaves the reviewing court with 'a definite and firm conviction that a mistake has been committed.' *Heights Community Congress v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir.1985). Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or the only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable.

> *Id.*

Numerous federal courts have commented on the discretion afforded to magistrate judges under Rule 72(a) when resolving discovery disputes. "Because the nondispositive review standard is highly deferential, magistrate judges have broad discretion to regulate nondispositive matters, and reversal is warranted only if that discretion is abused. Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which there is no abuse of discretion. That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to

5

law." *Carmona v. Wright,* 233 F.R.D. 270, 276 (N.D.N.Y.2006). The deferential standard of review under Rule 72(a) is "especially appropriate where the magistrate judge has managed [a] ... case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hoisery,* 177 F.R.D. 205, 214 (D.N.J.1997).

A different standard applies when the district court examines the legal conclusions of a magistrate judge. The legal conclusions of a magistrate judge "are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289, 291 (W.D.Mich.1995) (citing *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D.Ohio 1992), *affirmed,* 19 F.3d 1432 (6th Cir.1994)). Legal conclusions of the magistrate which contradict or ignore applicable precepts of law found in the Constitution, statutes or case precedent may be overturned. *Gandee,* 785 F.Supp. at 686 (citing *Adolph Coors Co. v. Wallace,* 570 F.Supp. 202, 205 (N.D.Cal.1983)). Accordingly, the district court will exercise its independent judgment with respect to the legal conclusions of a magistrate judge on review pursuant to Fed.R.Civ.P. 72(a). *Id.* (citing *Hawkins v. Ohio Bell Telephone Co.,* 93 F .R.D. 547, 551 (S.D.Ohio 1982), *affirmed,* 785 F.2d 308 (6th Cir.1986).

## ANALYSIS

Plaintiffs object to the magistrate judge's failure to reconsider the denial of their motion to compel the production of twenty-two categories of documents. The magistrate judge, in his order denying Plaintiffs' motion for reconsideration, noted that Plaintiffs unjustifiably filed their motion to compel more than six months after Defendants served the allegedly inadequate discovery responses and only ten days before the discovery deadline. The magistrate judge concluded that raising this issue now would severely impact the tight schedule:

> The magistrate judge remains persuaded it is unreasonable to compel defendants
> to provide inspection or production of a significant range of financial information,

> tax returns, and corporate minutes of several entities spanning several years, in less than nine days' time. One can certainly anticipate disputes over the adequacy of any production, which would inevitably be followed by request for depositions inspired by plaintiffs' review of the documents. The court has been down the discovery road in this case before and it is a bumpy and slow journey with plenty of potholes and obstacles. There is no conceivable way this discovery could be completed in nine days.
>
> In the magistrate judge's discretion, the denial of the motion to compel is an appropriate and essential means to protect the pretrial period for preparing dispositive motions and trial preparation – the very purpose of a discovery deadline – so that this long-litigated case may reach an adjudication on the merits. This case has been on a very tight time schedule and the court has met over a score of times with counsel, providing many opportunities to bring this issue up. Allowing extensive, detailed, additional discovery now would be significantly prejudicial and plaintiffs have had more than ample time to seek the resolution of any perceived shortcoming in a six-months old discovery response.

DN 616 at p. 2-3. Plaintiffs contend that the magistrate judge's order is clearly erroneous and contrary to law in determining that the requested documents could not be produced within the allowable discovery period and in finding substantial or unfair prejudice in the absence of any showing by Defendants.[3] DN 624 at p. 2.

District courts exercise extremely broad discretion in controlling discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Federal Rule of Civil Procedure 37 permits a party to move for an order to compel a complete response to properly submitted interrogatories or requests for production of documents. However, "[i]f a delay in moving to compel results in substantial prejudice to the party to whom it is directed, the district court may hold the requesting party has waived the right to compel a response." *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 621 (D. Nev. 1999). The Court recognizes that in *Gault*, cited by the magistrate judge, the motion to

---

[3] Although Plaintiffs expend much of their efforts in their objections arguing that the requested documents are relevant and discoverable, the magistrate judge did not base his decision on the relevancy of the requested documents. Accordingly, the discoverability of the requested documents is not relevant to a determination of whether or not the magistrate judge's order was clearly erroneous. Thus, the Court will focus its analysis on a determination of whether there is legal authority that supports the magistrate's conclusion that the motion was untimely.

compel was filed 76 days after the close of discovery. Motions to compel filed after the discovery deadline are almost always deemed untimely. *In re Sulfuric Antitrust Litigation*, 231 F.R.D. 331, 332 (N.D. Ill. 2005). Where the motion is made very close to the discovery deadline, as is the case here, the timeliness of the motion is more uncertain. *See id*. Some courts, by local rule, have imposed time limits for filing motions to compel. *Id*. (citing *United States ex. Rel. Becker v. Westinghouse Savannah River Co*., 305 F.3d 284, 290 (4th Cir. 2002)). However, most districts "have no such rules, and the matter is left to the broad discretion possessed by the district courts to control discovery." *Id*. at 333.

Plaintiffs state that "[p]rematurely terminating document discovery is clear error by any standard," but fail to cite to any supporting authority. Despite Plaintiffs' unsupported assertion, other ourts have found that motions to compel filed days before the discovery deadline were untimely. *See, e.g., Ridge Chrysler Jeep LLC v. Daimler Chrysler Services North America, LLC*, 2004 WL 3021842 (N.D. Ill. Dec. 30, 2004) ("The Court acknowledges that Plaintiffs filed their Motion to Compel [four days] in advance of the discovery deadline. However, they filed it so late as to make it impossible to conduct the requested discovery within the discovery period."); *West v. Miller*, 2006 WL 2349988 (N.D. Ill. Aug. 11, 2006) (finding undue delay that constituted a waiver when a motion to compel was filed eleven days before the discovery deadline but the movant knew of the discovery issue two months prior). Additionally, other courts have found lengthy delays before moving to compel to be dilatory. *See, e.g., Audi AG v. D'Amato*, 469 F.3d 534, 541-42 (6th Cir. 2006) (finding a delay of two-and-a-half months dilatory); *Plott v. General Motors Corp., Packard Elec. Div*., 71 F.3d 1190, 1197 (6th Cir. 1995) (finding the plaintiff dilatory in his efforts when he learned of the pertinent issue three weeks before the close of discovery).

Here, Plaintiffs have had substantial time in which to file a motion to compel and have failed to articulate any justification for their failure to do so until six months after the defendants' responses were served and ten days before the close of discovery. *See Vision Center Northwest, Inc. v. Vision Value, LLC*, 2008 WL 5191456 (N.D. Ind. Dec. 10, 2008) (noting that the untimeliness of a motion to compel accompanied by a reasonable and persuasive justification for its untimeliness may be excused). Given the burdensome nature of the document requests, seeking documents from several different entities spanning some eight years, the Court agrees with the magistrate judge's conclusion that such discovery could not be produced in nine days' time. Many of Plaintiffs' requests are for non-specific documents, such as notes which merely refer to the Home Services Defendants. If the Court were to grant Plaintiffs' motion to compel, it would result in "protracted discovery, the bane of modern litigation." *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (Posner, J.). Given the fact that this case is on a tight time schedule, the magistrate judge properly concluded that allowing this discovery at this late stage would severely hamper both the parties' abilities to prepare dispositive motions and this Court's ability to rule on dispositive motions in a timely manner. This case has been litigated for seven years and to delay an adjudication on the merits would clearly prejudice Defendants. Further, because Plaintiffs were aware of Defendants' objections to the discovery requests for six months before filing a motion to compel, the Court cannot conclude that they were prejudiced by the magistrate judge's denial of their motion to compel. *See Ginett v. Federal Express Corp.*, 166 F.3d 1213 (6th Cir. 1998) (unpublished) (finding that the plaintiff was not prejudiced by denial of motion to compel because the plaintiff knew of the issue in March 1996 and had an opportunity to move to compel in October 1996 but did not do so until December 1996). Accordingly, there is legal authority supporting the magistrate judge's

9

conclusion and the order denying Plaintiffs' motion for reconsideration of the denial of their motion to compel was not clearly erroneous or contrary to law.

This Court has been very clear with the parties that this action will be tried on July 30, 2012. Yet, Plaintiff chose to wait until ten days before the close of discovery and twenty-four days until dispositive motions were due to file a motion to compel twenty-two categories of documents spanning a number of years. Plaintiffs failed to raise the issue during one of many telephonic conferences held by the magistrate judge and failed to file a motion to compel in a timely manner that would have allowed sufficient time for the production of the requested documents. Plaintiffs have provided no justification for their dilatory efforts. Thus, the Court can only presume that Plaintiffs' delay was for strategic reasons and Plaintiffs must now "endure the harsh results of this tactical decision." *Ridge Chrysler Jeep*, 2004 WL 3021842 at *6.

## CONCLUSION

For the foregoing reasons, the District Court AFFIRMS that order the magistrate judge which is neither clearly erroneous nor contrary to law. Plaintiffs' objections are DISMISSED.