UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:05-CV-00612-TBR

CASEY WILLIAM HYLAND, *et al.*     Plaintiffs

v.

HOMESERVICES OF AMERICA, INC., *et al.*     Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant McMahan Company, Inc., d/b/a Coldwell Banker McMahan Company's (McMahan) Bill of Costs, (Docket No. 751), and Defendants HomeServices of America, Inc. and HomeServices of Kentucky, Inc. d/b/a Semonin Realtors and Rector-Hayden Realtors' (collectively "HomeServices") Bill of Costs, (Docket No. 752). Plaintiffs have objected, (Docket No. 753), and McMahan and HomeServices have replied, (Docket Nos. 754 & 755, respectively). This matter is now ripe for adjudication. For the reasons that follow, McMahan and HomeServices' respective Bills of Costs will be GRANTED.

BACKGROUND

On July 18, 2012, the Court granted Defendants' motions for summary judgment and dismissed Plaintiffs' claims with prejudice. (Docket Nos. 743; 744.) McMahan and HomeServices timely submitted their Bills of Cost, McMahan claiming expenses totaling $19,516.38, (Docket No. 751, at 1), and HomeServices claiming expenses totaling $87,305.57, (Docket No. 752, at 1). Plaintiffs object to one category of costs claimed by McMahan and one category of costs claimed by HomeServices. (Docket No. 753, at 5-

Page 1 of 7

8.) Plaintiffs additionally argue that the Court should defer ruling on costs until the appellate process is completed. (Docket No. 753, at 3-4.)

STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party is generally allowed to recover costs, other than attorneys' fees. 28 U.S.C. § 1920 specifies what costs may be taxed. Any costs taxed by the Court must be allowed under § 1920 and must be reasonable and necessary in amount. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997 (2012). There is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d). *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *Ford v. FedEx Supply Chain Servs., Inc.*, 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009). The party objecting to the taxation bears the burden of persuading the Court that taxation is improper. *BDT Prods.*, 405 F.3d at 420; *Cooley v. Lincoln Electric Co.*, 776 F. Supp. 2d 511, 574 (N.D. Ohio 2011).

DISCUSSION

I.  **Deferral of Taxing Costs Pending Conclusion of Appeal**

This matter is currently pending on appeal before the Sixth Circuit Court of Appeals as case number 12-5947. Plaintiffs request that the Court defer ruling on Defendants' Bills of Costs and imposing any costs until the appellate process is completed. Plaintiffs reason that the interests of judicial economy favor deferring any imposition of costs until a decision has been issued by the court of appeals. The Court disagrees and finds the various authorities relied upon by the Plaintiffs unpersuasive to support this contention. Moreover, district courts throughout this Circuit have routinely

rejected the argument that the taxation of costs should await the conclusion of an appeal. *See, e.g.*, *Cooley*, 776 F. Supp. 2d at 575 (finding that ruling on a motion for costs before or during the pendency of an appeal furthers the interests of judicial economy by avoiding piecemeal litigation); *1704 Farmington, LLC v. City of Memphis*, 2010 WL 890995, at *2 (W.D. Tenn. Mar. 9, 2010) (noting that "Plaintiffs have cited no authority for the proposition that a district court should stay bills of costs pending the resolution of a case on appeal" and finding it "more efficient to rule on costs now rather than delay the decision until the appeal is resolved"), *aff'd* 437 F. App'x 387 (6th Cir. 2011); *Singleton v. Select Specialty Hosp.-Lexington, Inc.*, 2009 WL 1636177, at *4 (E.D. Ky. June 10, 2009) (noting that "[d]istrict courts have authority to tax costs after a judgment is entered despite an appeal being taken"); *Blackshear v. Shelby Cnty. Health Care Corp*, 2007 WL 1655887, at *1-2 (W.D. Tenn. June 5, 2007) (denying request to stay ruling on bill of costs pending appeal). Accordingly, the Court finds no basis for deferring the taxation of costs pending resolution of this matter on appeal and, therefore, will DENY Plaintiffs' request.

## II.     Objections to Defendant McMahan's Photocopying Costs

McMahan seeks $1,293.60 for photocopying expenses. Plaintiffs argue that McMahan "has failed its burden even to try to demonstrate why it was reasonable or necessary to make 11 copies, or why 15 cents per page is reasonable." (Docket No. 753, at 7.)

Section 1920 allows for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." "Photocopies are necessary to the extent they 'were used as court exhibits or were

furnished to the Court or the opposing counsel.'" *Cooley*, 776 F. Supp. 2d at 576 (quoting *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 684 F. Supp. 953, 961 (N.D. Ohio 1988)).

First, Plaintiffs argue that the Court should disallow McMahan's claimed photocopying expenses for eleven duplicate copies of certain documents as merely for counsel's convenience and not a necessary expense. (Docket No. 753, at 7.) Plaintiffs also argue that because this Court mandates the use of electronic document filing, these photocopying costs should be disallowed as unnecessary when documents are required to be filed electronically. (Docket No. 753, at 7-8.) The Court agrees that a prevailing party is not permitted to recover copying expenses where those copies were obtained merely for the convenience of counsel. *See Cunningham v. Target Corp.*, 2010 WL 1032772, at *3 (W.D. Ky. Mar. 17, 2010). Plaintiffs' argument, however, is without merit. McMahan explains in its itemization of costs that these copies were for "[h]ard copies of documents filed under seal required for service," (Docket No. 751-1, at 9-11), and attaches to its reply a copies of the relevant certificates of service for these documents, (Docket No. 754-1). The Court's electronic filing system does not serve sealed filings but instead requires that the filing party "use alternate forms of service to provide any parties entitled to notice with copies of the sealed document." Joint General Order 11-01 (Jan. 21, 2011). Thus, because these documents were required service copies, the Court is satisfied that McMahan has met its burden of demonstrating that these copies were reasonably necessary. *See Cooley*, 776 F. Supp. 2d at 576.

Second, the Court finds that fifteen cents per page is reasonable. Other district courts, both within this Circuit and without, have approved the same or higher per-page

rates as reasonable. *See Charboneau v. Severn Trent Labs., Inc.*, 2006 WL 897131, at \*2 (W.D. Mich. Apr. 6, 2006) (awarding photocopying costs at rates of twenty cents per page and thirty-five cents per page); *U.S. Commodity Futures Trading Comm'n v. WeCorp, Inc.*, 878 F. Supp. 2d 1160, 1164 (D. Haw. 2012) (awarding photocopying costs at a rate of fifteen cents per page); *Porter v. McDonough*, 2011 WL 821181, at \*3 (D. Minn. Mar. 2, 2011) ("[T]he rate at which Defendants are seeking to recover their copy costs (15 cents per page) is reasonable.").

For these reasons, the Court finds that McMahan has satisfied its burden of demonstrating that the claimed photocopying costs to which Plaintiffs object were reasonable and necessary for use in this case. Plaintiffs have not met their burden of persuading the Court that taxation of the photocopying costs itemized by McMahan is improper. Therefore, the Court will OVERRULE the Plaintiffs' objections to the $1,293.60 in photocopying expenses claimed by McMahan and will GRANT McMahan's Bill of Costs.

### III. Objections to Defendant HomeServices' Video Deposition Costs

HomeServices seeks $16,579.60 in costs for videotaping the depositions of Plaintiffs and Plaintiffs' experts. Plaintiffs argue that HomeServices has "failed their burden to show that videotaping is a taxable cost here, or that Plaintiffs and Plaintiffs' experts somehow magically would not have appeared at trial to testify in person." (Docket No. 753, at 5.) In this regard, Plaintiffs insist that "Plaintiffs and Plaintiffs' experts would have testified at trial" and that HomeServices "cannot reasonable have anticipated that either Plaintiffs or their experts would not appear to testify at trial." (Docket No. 753, at 7.)

Section 1920 allows for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." This Circuit accords with other circuit and district courts in recognizing that video deposition costs are taxable under § 1920 and that both stenographic transcripts and videotaped depositions, together, may be taxed. *See, e.g.*, *BDT Prods.*, 405 F.3d at 420 (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997)) (holding that "videotape depositions are taxable under § 1920" and that "it was proper to tax both the cost of videotaping and transcribing the deposition"); *Tilton*, 115 F.3d 1477-78 ("[T]he costs associated with videotaping a deposition are taxable under [§] 1920(2). . . . "[T]he district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the seven videotaped depositions."); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 978 (S.D. Tex. 2011) (awarding costs for both "videotaped and stenographic versions of the depositions of [eleven witnesses]" under § 1920(2)); *Meredith v. Schreiner Transp., Inc.*, 814 F. Supp. 1004, 1005-06 (D. Kan. 1993) (awarding costs for both videotaped depositions and stenographic transcripts of those depositions).

HomeServices avers that the video deposition costs were reasonably and necessarily incurred in their defense of Plaintiffs' claims. HomeServices points out that video depositions were used only for Plaintiffs' key witnesses, those being the Plaintiffs themselves and their two experts. HomeServices further maintains that they had a reasonable expectation that both the video recordings and written transcripts of these key witnesses would be needed in the preparation of their defense, both before and at trial. (Docket No. 755, at 4-5.) In light of the Sixth Circuit's decision in *BDT Products, Inc. v. Lexmark International, Inc.* and the clear trend among federal courts, the Court will

follow the prevailing practice of allowing taxation of both videotaped depositions and stenographic transcripts.

For these reasons, the Court finds that HomeServices has explained its purpose for these costs and, thus, has satisfied its burden of demonstrating that both the videotaping and stenographic transcription of these depositions were reasonably necessary for use in this case. Plaintiffs have not met their burden of persuading the Court that taxation of these costs is improper. Therefore, the Court will OVERRULE the Plaintiffs' objections to the $16,579.60 in video deposition expenses claimed by HomeServices and will GRANT HomeServices' Bill of Costs.

## CONCLUSION

Having considered the Defendants' Bills of Cost and Plaintiffs' objections thereto, and being otherwise sufficiently advised, for the reasons set forth above;

IT IS HEREBY ORDERED as follows:

(1) Plaintiffs' objections to Defendants' Bills of Costs, (Docket No. 753), are OVERRULED, and Plaintiffs' request that the Court defer ruling on Defendants' Bills of Costs and imposing any costs until the appellate process has been completed is DENIED;

(2) Defendant McMahan Company, Inc., d/b/a Coldwell Banker McMahan Company's Bill of Costs, (Docket No. 751), is GRANTED;

(3) Defendants HomeServices of America, Inc. and HomeServices of Kentucky, Inc. d/b/a Semonin Realtors and Rector-Hayden Realtors's Bill of Costs, (Docket No. 752), is GRANTED.

IT IS SO ORDERED.

Date:

cc: Counsel